UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

OSHAY SHAYFER RANDOLPH,

        Petitioner,

    v.                                    Case No. 22-C-273

LARRY FUCHS,

        Respondent.

## SCREENING ORDER

On March 3, 2022, Petitioner Oshay Shayfer Randolph, who is currently incarcerated at Columbia Correctional Institution, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and paid his filing fee. Petitioner was convicted in Milwaukee County Circuit Court of felony murder and attempted armed burglary and was sentenced to twenty-two years imprisonment and twelve years of extended supervision. I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state court remedies.

Petitioner asserts a single ground for relief, claiming that his due process rights were violated by the Milwaukee County Circuit Court's "erroneous exercise of discretion in denying

his presentence motion for plea withdrawal" contrary to the Sixth and Fourteenth Amendments. Dkt. No. 1 at 5. To support his assertion, Petitioner appears to have attached a portion of his brief that was submitted to the Wisconsin Court of Appeals. Dkt. No. 1-2 at 1–10. The excerpted portion of the brief indicates that, after Petitioner's first trial ended in a mistrial due to one of the jurors lying during voir dire, Petitioner accepted a plea agreement before a second trial could take place. *Id.* at 3. The plea agreement involved Petitioner pleading guilty to one count of felony murder and one count of attempted burglary. *Id.* However, before sentencing, Petitioner filed a motion to withdraw his guilty plea on the ground that one of the State's witnesses had previously provided false testimony in an unrelated federal case roughly ten years prior. *Id.* at 4. Because this witness would have "supplied the State with strong evidence, unavailable from another source, it bore on [Petitioner's] decision to plead guilty." *Id.* at 8. Evidently feeling as if this new information could be used to discredit the witness, Petitioner moved to withdraw his plea.

As described by the Wisconsin Court of Appeals, the circuit court denied Petitioner's motion, noting, among other things, that there was "no evidence" of the witness perjuring himself or being a liar. *State v. Randolph*, 2021 WI App 1, ¶ 6, 395 Wis. 2d 294, 953 N.W.2d 118. It further noted that there was "insufficient information for [the court] to conclude" that the proffered reason for withdrawing the plea was a "fair and just reason to allow [Petitioner] to withdraw his plea." *Id.* The Wisconsin Court of Appeals affirmed, noting that a defendant may withdraw a plea prior to sentencing "upon showing any fair and just reason for his or her change of heart beyond the simple desire to have a trial, as long as the prosecution has not been substantially prejudiced by its reliance on the plea." *Id.* at ¶ 9 (citing *State v. Garcia*, 192 Wis. 2d 845, 861–62, 532 N.W.2d 111 (1995)). The court of appeals declined to determine whether Petitioner had demonstrated a fair and just reason, but concluded that withdrawal of his plea agreement would result in substantial

2

prejudice to the State. *Id.* at ¶ 11. It recognized that Petitioner's codefendants "had already agreed to testify against him as part of their plea agreements and had already been sentenced." *Id.* Because Petitioner's codefendants had already received the benefits of their agreements with the State, the codefendants would have had "dramatically reduced incentives to testify truthfully against [Petitioner]." *Id.* In sum, the court of appeals held that allowing Petitioner to withdraw his guilty plea would have "prejudice[d] the State's ability to try [Petitioner] with credible evidence." *Id.*

Petitioner's lone ground for relief is that his right to due process was violated by the circuit court's "erroneous exercise of discretion in denying his presentence motion for plea withdrawal." Dkt. No. 1 at 5. Although Petitioner frames his ground for relief as one for a violation of his right to due process, a more honest reading "suggests that he disagrees with the Court of Appeals' affirmance of the trial court's decision to deny [his] request to withdraw his guilty plea." *O'Brien v. Tegels*, No. 14-cv-868-slc, 2016 WL 1390039, *6 (W.D. Wis. Apr. 7, 2016). Stated differently, Petitioner's argument is not predicated on him being held "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Instead, Petitioner's claim is "predicated on the allegation that the trial court did not properly follow Wisconsin state law when it exercised its discretion to deny [his] motion to withdraw his guilty plea prior to sentencing." *Brush v. Thurmer*, No. 09-C-976, 2010 WL 5055889, *4 (E.D. Wis. Dec. 2, 2010). Courts have considered such claims to be precluded on federal habeas review. *See, e.g.*, *Laughrin v. Clements*, No. 13-CV-1254, 2016 WL 6090851, *2 (E.D. Wis. Oct. 18, 2016) ("Most of his claims—*e.g.*, that he should have been permitted to withdraw his guilty plea based on new evidence and that the trial court should have held an evidentiary hearing on his postconviction motion—were argued and decided there on the basis of state law. Claims based on state law are not cognizable on federal

3

habeas review."). But even if Petitioner's claim could be considered cognizable under § 2254, the United States Supreme Court has never held that an individual has an unqualified right to withdraw a guilty plea after it has been accepted by a court. *Cf. United States v. Hyde*, 520 U.S. 670, 671 (1997) (recognizing that a defendant must articulate a "fair and just reason" before withdrawing a guilty plea); Fed. R. Crim. P. 11(d). Because Petitioner's claim merely takes issue with the circuit court's alleged "erroneous exercise of discretion" under Wisconsin law, his petition must be dismissed.[1]

**THEREFORE, IT IS ORDERED** that this petition is summarily dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases. A certificate of appealability will be **DENIED**. I do not believe that reasonable jurists would believe that Petitioner has made a substantial showing of the denial of a constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk is directed to enter judgment dismissing the case.

Petitioner is advised that the judgment entered by the Clerk is final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. In the event Petitioner decides to appeal, he should also request that the court of appeals issue a certificate of appealability.

Dated at Green Bay, Wisconsin this 7th day of March, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

---

[1] Petitioner does not directly claim, and his attached materials do not suggest, that he failed to enter his guilty plea knowingly, intentionally, and voluntarily. *See Wozny v. Grams*, 539 F.3d 605, 609 (7th Cir. 2008). Of course, such a claim would be cognizable under § 2254. *Id.* Instead, Petitioner merely disagrees with the decision reached by Wisconsin courts based on their application of Wisconsin law.

4